IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
AT MEMPHIS

IN RE:    **Marion Gurkin,**                           Case No. 13-22162
             **Debtor.**                                  Chapter 11

**MOTION FOR ORDER APPROVING SALE OF PROPERTY OF THE ESTATE
OUTSIDE THE ORDINARY COURSE OF BUSINESS 11 USC § 363**

Charles Gurkin, the Debtor and Debtor in Possession in the above-captioned Chapter 11 case, moves this Court for an Order approving the sale of certain real property of the Debtor's Estate – namely, the Debtor's real property and improvements known as the Gurkin Market, Collierville – outside the ordinary course of the Debtor's business, in accordance with §§ 363(b)(1) and (f) of Title 11 of the United States Code. In support of this Motion the Debtor would show unto the Court as follows:

### I.    PROCEDURAL BACKGROUND

On February 26, 2013, the Debtor filed a voluntary petition in this Court for reorganization relief under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to operate his business and manage his assets as Debtor in Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2.    No Committee Unsecured Creditors has been appointed.

3. This Court has jurisdiction over this Motion pursuant to 28 USC §§ 1157 and 1334. Venue is proper pursuant to 28 USC 1408 and 1409. This Motion is a core proceeding pursuant to 28 USC § 157(b)(2). Statutory predicate for relief requested is Section 363 of the Bankruptcy Code.

4. Debtor, George R. Gurkin and Charles Gurkin (collectively referred to as "Co-Debtors", are jointly and severally indebted to Bancorpsouth Bank under a promissory note indebtedness originally dated May 25, 2001, in the original principal amount of $1,930,000.00.

5. Bancorpsouth has filed a secured claim in this case in the amount of the $1,076,407.86.

6. Additionally, the Co-Debtor's parents, Marion Gurkin Jr. and Margaret Gurkin executed a hypothetical agreement dated May 25, 2001 with respect to establishing an obligation to pledge their property located at 390 East Highway 57, Collierville, Shelby County, Tennessee and Highway 57, 390 Rossville, Fayette County, Tennessee as collateral for the note.

7. The note is secured by a deed of trust dated May 25, 2001 executed by the Debtor, Co-Debtors and their parents Marion Gurkin Jr. and Margaret Gurkin of record at Book 579, Page 972 in the Registrar's of Fayette County, Tennessee on May 25, 2001 and as Instrument No. LB5341 in the Shelby County Registrar's Office on June 1, 2001.

8. The Trust Deed constitutes a first mortgage lien against the following improved real property:

- Highway 57, Moscow, Fayette County, Tennessee.
- Highway 57, 390, Rossville, Fayette County, Tennessee.
- Highway 57, 1443 of Moscow, Fayette County, Tennessee.
- Highway 64, 16595, Somerville, Fayette County, Tennessee.

- 390 East Highway 57, Collierville, Shelby County, Tennessee.

9. The Debtor and Co-Debtor's father, Marion Gurkin has passed away and mother, Margaret Gurkin passed away in December 2012.

10. The Debtor and Co-Debtors were sole heirs of their parents and inherited the property located at 390 East Highway 57, Collierville, Shelby County, Tennessee and Highway 57, 390 Rossville, Fayette County, Tennessee.

11. In a recent submission to the Court, as well as in statements of counsel at recent hearings before the Court, the Debtor and Co-Debtors has indicated their intent to sell the property in Collierville. The Debtors intends this Motion to facilitate such a sale on terms commercially reasonable and advantageous not only to the Purchaser, but also to the Debtor, his Estate and his creditors.

## II.     AUTHORITY TO SELL PROPERTY OF THE ESTATE

13. Bankruptcy Code § 363(b)(1) provides that the "Trustee, after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." The decision to enter into an agreement out of the ordinary course of the Debtor's business is to be based on a reasonable business judgment of the Debtor. **In Re Continental Airlines, Inc., 780 F.2d 1223, 1223, 1226 (6th Cir. 1986)** and **In Re Lionel Corporation, 722 F.2d 1063, 1070 (2d Cir. 1983).** The Court should approve a use, sale, or lease of property under Bankruptcy Code § 363(b) if the Debtor has established some articulated business justification for the proposed transaction. **In Re Walter, 83 B.R. 14, 16 (9th Cir. Bap 1988).**

14. Given the Debtor's financial distress, the Debtor's continuing obligation to his creditors and his Estate, the sale of the Collierville store is necessary, within the Debtor's reasonable business judgment.

15.     The Debtor and Big D Collierville, LLC. have negotiated terms of sales that will ensure the Collierville store is maximized for the benefit of the Debtor's Estate and creditors. The terms offered by Big D are the most favorable that the Debtor has received since beginning this Chapter 11 case and would generate substantial income to the Estate, at least satisfying the majority of Bancorpsouth's secured claim.  In addition, the Debtor's Estate will be relieved of all expenses arising from the continued operation of the Collierville store, a saving that will enhance distributions to unsecured creditors.  The sale of the Collierville store is one of the key steps in not only restructuring the Debtor's operations, but also a key component of what must be accomplished before the Debtor may seek Confirmation of a Plan of reorganization, a process that could begin in earnest after the completion of the Collierville store sale.

### III.     TERMS OF THE SALE

16.     In accordance with the Purchase Agreement between the Debtor and Big D, a copy of which is attached as Exhibit A), Big D has agreed to purchase, and the Debtor has agreed to sell, the Collierville store under the following terms and conditions.

    a.     Purchase Price.  The Collierville store (including the real property, all improvements, all personal property located at the Collierville store and all licenses, contracts, easements, covenants and related rights necessary or appropriate for the operation of the store) is to be sold to Big D for $775,000.00 ("Purchase Price"), subject to this Court as described below;

    b.     Closing Condition.  The Purchase Price is payable in cash immediately available at the date and hour that all conditions precedent to the sale of the Collierville store set forth in the Purchase Agreement are satisfied, excused, or otherwise discharged and the Debtor represents for the transfer to Big D the title of the Collierville store and all related assets sold in accordance with the Purchase Agreement;

   c. Closing Date.  The closing is to occur no later than ten business days after this Court approves the sale of the Collierville store to Big D by entry of a Final Order;

   d. Executory Contracts.  The Debtor as a condition precedent to the Closing, is to assume and assign to Big D all exectuory contracts related to the operation of the Collierville store under Bankruptcy Code § 365(a) and (c) and is entitled of the protections contained in the Bankruptcy Code 365(k);

   e. Statutory Protections:  The parties to the Purchase Agreement are entitled to the protections contained in Bankruptcy Code § 363(m);

   f. Operation of the Collierville Store.  The parties to the Purchase Agreement will immediately assume operation of the Collierville store in accordance with all state and federal licenses.

### IV. SELL FREE AND CLEAR OF LIENS

17. Pursuant to state and federal law, certain lien rights may attach to the Property upon the death of Margaret Gurkin, in favor of Tenn Care the Tennessee Department of Revenue and the Internal Revenue Service.

18. As such notice shall be given to those parties through certified United States mail to their agency's address as well as the Tennessee Attorney General and the United States Attorney.

19. The Purchase Agreement provides that the Collierville Store be sold to Big D free and clear of all liens against that property, most specifically the purported lien held by Bancorpsouth, but also including any unrecorded tax liens or utility charges.  Such a sale is appropriate under the circumstances present in this case and explicit provisions of Bankruptcy Code § 363(f), which provides that property may be sold under Section 363(b) "free and clear of

any interest in such property if (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." The presence of a bona fide dispute regarding the creditors' lien on the property will permit that the property be sold free and clear of such liens.  By permitting Big D to purchase the Collierville store free and clear of the lender's purported lien,  - so prejudicial to the Estate, creditors and employees will be avoided.  This is precisely the results Congress intended in drafting Section 363(f) efficiently moving encumbered assets of the Estate to their highest valued use and protecting the lender's right to receive the proceeds of the sale up to the amount of its secured claim, to the extent that it ultimately allowed after resolution of the bona fide dispute.

**See H.R. Rep No. 595, 95th Congress, First Session 345 (1977).**

## V.    CONCLUSION

19.    For the reasons set forth above, the Debtor respectfully requests that the Court enter an order:

    a.    Approving the sale of the Collierville store to Big D in accordance with the provisions of the Purchase Agreement;

    b.    Providing the Collierville store be sold free and clear of all liens in accordance with 11 USC § 363(f); and

    c.    Granting any additional relief the Court deems appropriate.

**Respectfully Submitted**

/s/ John E. Dunlap
John E. Dunlap (013223)
Attorney for the Debtor in Possession
1684 Poplar Avenue
Memphis, Tennessee 38104
(901) 726-6770
(901) 726-6771

# **CERTIFICATE OF SERVICE**

The undersigned by affixing his signature below, affirms that a copy of the said document was sent to the Debtor, the United States Trustee, all creditors on the matrix pursuant to the electronic filing statutes or United States mail postage prepaid.

/s/ John E. Dunlap

```
SpeakWrite
www.speak-write.com
Job Number: 13233-001
Date: 08/21/2013
Billed Word Count: 1649
```